**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Farzana Chowdhury,<br><br>                                 Plaintiff,<br><br>    -v-<br><br>Best Wireless 23rd Park Inc,<br>Best Wireless Church Street Inc,<br>Best Wireless Queens Blvd Inc,<br>Best Wireless Greenwich Inc, and<br>Nishant Nick Garg,<br><br>                         Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

      Plaintiff Farzana Chowdhury ("Plaintiff" or "Chowdhury"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendants Best Wireless 23rd Park Inc, Best Wireless Church Street Inc, Best Wireless Queens Blvd Inc, Best Wireless Greenwich Inc, and Nishant Nick Garg (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate and/or 1.5 times the applicable NYS minimum wage rate, for each and all such hours over forty in a week, (ii) entitled to an extra hour of pay for each day she worked a spread of hours of more than ten (10) hours pursuant to New York Minimum Wage Act and the regulations thereunder including 12 NYCRR 142-2.4, and (iii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law

§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section §§ 191, 193, and compensation for not receiving notices and statements required by NYLL § 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Farzana Chowdhury ("Plaintiff" or "Chowdhury") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant Best Wireless 23rd Park Inc ("23rd Park") was a New York Corporation.

9. At all times relevant herein, Defendant Best Wireless Church Street Inc ("Church Street") was a New York Corporation.

10. At all times relevant herein, Defendant Best Wireless Queens Blvd Inc ("Queens Blvd") was a New York Corporation.

11. At all times relevant herein, Defendant Best Wireless Greenwich Inc ("Greenwich") was a New York corporation.

12. At all times relevant herein, Defendant Nishant Nick Garg ("Garg"), owned, managed and controlled the other Defendants as well as Plaintiff's employment herein from central locations in New York County at 102 E 23rd Street New York NY 10010 and 462 6th Ave New York NY 10011 – checks were issued at various times through the various Defendants, but Plaintiff's employment with Defendants was essentially the same throughout.

13. At all times relevant herein, Defendants individually and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed these functions as to Plaintiff.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were engaged in the cell phone business including the operation of cellphone stores.

16. Upon information and belief, and at all relevant times herein, Defendants owned and/or operated several locations and employed about 30 or more employees.

17. Plaintiff was employed by Defendants, individually and/or jointly, from in or around September 20, 2021 to in or around October 2022.

18. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker within the meaning of NYLL § 191(1)(a)(i) – performing a wide

variety of repetitive manual and physical work such as lifting, packing, cleaning, moving and handling merchandise throughout her workday, etc.

19. At all times relevant herein, Plaintiff was an hourly employee of Defendants, who was paid at an hourly rate of pay was about $15.00-$17.00 an hour at different periods during Plaintiff's employment with Defendants.

20. At all times relevant herein, Plaintiff worked about 63 or more hours each week for Defendants and sometimes more; about 10.5 or more hours a day, 6 days a week – with the exception of about 2-3 weeks.

21. At all times relevant herein, Plaintiff Chowdhury was also paid commissions wages she earned from her work of about $100 to $150 each week, in addition to her hourly wages.

22. At all times relevant herein, Defendants had a policy and practice of not including Plaintiff's commissions wages when computing Plaintiff's effective regular rate and her overtime rate as required by 29 CFR § 778.117 – this failure resulted in an underpayment of overtime wages in each week during Plaintiff's employment with Defendants – with the exception of about 2-3 weeks.

23. In addition. although Plaintiff was paid for some overtime hours, Plaintiff was not paid any wages for about 6 overtime hours worked each week - with the exception of about 2-3 weeks during her employment with Defendants. Defendants had a policy and practice of improperly deducting about 60 minutes or more each day from Plaintiff's work time. However, due to the demands of her job and as required by Defendants, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 6 overtime hours worked each week during her employment with Defendants, with the exception of about 2-3 weeks, which she seeks to recover in this action and for which she was not paid any wages.

24. In addition, Plaintiff was also not paid for about five (5) or more overtime hours each week that she worked beyond her schedule in order to complete work – Plaintiff was not paid any

wages for this additional work and overtime.

25. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR § 141, 142 are incorporated herein by reference.

26. At all times relevant herein and for the time Plaintiff was employed by Defendants, individually and/or jointly, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week with the exception of about 2-3 weeks.

27. At all times relevant herein, Defendants paid Plaintiff later than weekly - on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

28. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL § 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

29. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL § 195(3) - the statements provided to Plaintiff did not state all wages earned by Plaintiff nor Plaintiff's correct overtime rate of pay, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack

required information regarding all hours worked and wages paid. See Appellee Br. at 16-
21.").

30. Upon information and belief, and at all times relevant herein, Defendants, individually and/or
jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

31. At all times applicable herein, Defendants, individually and/or jointly, conducted business
with vendors and other businesses outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants conducted
business in interstate commerce involving the purchase of materials, and other essential
supplies for its business.

33. Defendants as a regular part of their business, makes payment of taxes and other monies to
agencies and entities outside the State of New York.

34. Defendants as a regular part of their business, engaged in credit card transactions involving
banks and other institutions outside the state of New York.

35. At all times applicable herein and upon information and belief, Defendants transacted
business with insurance companies, banks and similar lending institutions outside the State of
New York.

36. At all times applicable herein and upon information and belief, Defendants utilized the
instrumentalities of interstate commerce such as the United States mail, internet electronic
mail and telephone systems.

37. Upon information and belief, and at all relevant times herein, Defendants failed to display
federal and state wage posters as required by 29 CFR § 516.4 and 12 NYCRR § 142-2.8.

38. Upon information and belief, and at all relevant times herein, Defendants failed to notify
Plaintiff of her federal and state minimum wage and overtime rights and failed to inform

Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

39. The circumstances of Defendants' termination of Plaintiff's employment and other aspects and conditions of Plaintiff's employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime**

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

44. At all times relevant to this action, Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA, including 29 U.S.C. § 207.

45. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime wages at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C.

§ 207.

### **Relief Demanded**

47. Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime wages, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### **AS AND FOR A SECOND CAUSE OF ACTION**
### **NYLL 650 et Seq.  and 12 NYCRR 142, etc. (Unpaid Overtime + SOH)**

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

50. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay and/or 1.5 times the applicable NYS minimum wage rate, for each and all hours worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

51. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day, 5 days each week during her employment with Defendants as set forth above, but Defendants failed to pay Plaintiff an additional hour of pay for each such day during the period she was paid the NYC minimum wage rate, in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

### **Relief Demanded**

52. Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime wages, spread of hour wages, prejudgment interest, maximum liquidated damages,

reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

53. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

54. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

55. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL § 191 (1)(a)(i) who should have been paid all wages no later than weekly. See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

56. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff her unpaid overtime wages, and wage deductions, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL § 198(1-d),

as well as an injunction directing Defendants to comply with NYLL § 195(1).

## Relief Demanded

59. Plaintiff is entitled to recover from Defendants, individually and/or jointly, her entire unpaid wages, including her unpaid overtime wages, spread of hour wages, wage deductions, maximum liquidated damages - including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages, spread of hour wages, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to her **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, spread of hour wages, wage deductions, plus maximum liquidated damages - including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL § 195(1) and NYLL § 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not
been requested in the WHEREFORE clause, in addition to the relief requested in the
wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
           **December 31, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF