UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :

FARZANA CHOWDHURY,                       :

                                   Plaintiff,   :
                                                     :         22-CV-11005 (VSB)
                         -against-                   :
                                                     :               **ORDER**

BEST WIRELESS 23RD PARK INC, BEST  :
WIRELESS CHURCH STREET INC, BEST  :
WIRELESS QUEENS BLVD INC, BEST     :
WIRELESS GREENWICH INC, and        :
NISHANT NICK GARG,                      :
                                                 :
                                 Defendants.  :
-------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

        On March 27, 2023, the mediator in this case reported that parties had reached an agreement as to all issues. (Doc. 19.) Accordingly, this case was closed with leave to reopen within 30 days. (Doc. 20.) As of this Order, parties have not filed for a stipulated dismissal pursuant to Rule 41, submitted an offer of judgment pursuant to Rule 68, or otherwise indicated the nature of the agreement that terminated this action and whether it amounts to a private settlement.

        Parties may not privately settle FLSA claims and dismiss the action pursuant to Rule 41 absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15cv3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

In order to determine whether an agreement is fair and reasonable under the FLSA, I must:

> consider the totality of circumstances, including but not limited to the following [5] factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  And, if the settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Beckert*, 2015 WL 6503832, at *2.

Therefore, it is hereby:

ORDERED that by April 28, 2023, the parties provide me with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues, or alternatively that the review stipulated by *Cheeks*, 796 F.3d 199, is inapplicable to the parties' agreement, and if so, why parties believe this to be the case.

IT IS FURTHER ORDERED that, if parties have reached an agreement that requires *Cheeks* review, along with the terms of any settlement, the parties shall provide me with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues.  Such letter should include, but need not be limited to, information concerning the five (5) factors identified in *Beckert*.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria*, *LLC*, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *7 (S.D.N.Y. March 30, 2015).

SO ORDERED.

Dated: April 14, 2023
      New York, New York

Vernon S. Broderick
United States District Judge