# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                           Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                        Fax: 718-740-2000
*Employment and Labor Lawyer*                                              Web: www.abdulhassan.com

May 10, 2023

**Via ECF**

Hon. Stewart D. Aaron, USMJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007

        **Re: Chowdhury v. Best Wireless 23rd Park Inc et al**
           Case No.  22-CV-11005 (VSB)(SDA)
           Motion for Settlement Approval

Dear Magistrate-Judge Aaron:

      My firm represents plaintiff Farzana Chowdhury ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action pursuant to the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – we expect Defendants to submit a fully-executed copy once they formally sign. Exhibit 2 is a copy of the retainer agreement between Plaintiff and her counsel – the basis for the 1/3 fee in this case and Exhibit 3 is the costs receipts in this case.

      The parties are in the process of executing a consent to Magistrate-Judge form for purpose of deciding this motion.

      Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and liquidated damages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of NYLL.

      In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and

claims were further refined after extensive discussions, and exchange of information before, and during the mediation conducted by a mediator from this Court's mediation panel.

By way of background, Plaintiff was paid about $15.00-$17.00 an hour during his employment with Defendants and Plaintiff was not paid for about 11 overtime hours worked each week. In addition, the Defendants failed to include the commissions in the calculation of Plaintiff's overtime rate.

Based on the allegations in the complaint, we have unpaid wages of about $19,230.48 ($14,256 in unpaid overtime wages and $4,974.48 in the difference for failure to include commissions). Assuming Plaintiff prevails on her wage notice and wage statement claims she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims – Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense – including liquidated damages on the manual worker claims. It is Defendants' position that Plaintiff was correctly compensated for all hours worked – the parties were in dispute as to whether Plaintiff received a bona fide meal break for which a deduction from work time was made (29 C.F.R. § 785.18; 29 C.F.R. § 785.19), and whether Plaintiff worked beyond her schedule and the extent of any such additional work. Given the risk for both sides, the parties agreed to settle as reflected in the settlement agreement with the help of a mediator from this Court's mediation program.

The gross settlement amount between Plaintiff and Defendant is $25,000 inclusive of fees and costs. (See Ex. 1 ¶ 4). Under the settlement, Plaintiff is due to receive $16,041.20 after a 1/3 contingency fee of $8,020.60 and costs ($938.20). (Ex. 1, ¶ 4).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $8,020.60 after reimbursement of $938.20 in filing ($402), and service for five defendants ($536.20) costs consistent with the retainer agreement between Plaintiff and her counsel[1]. *Venegas v. Mitchell*,

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions).

      Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Scott v. United Cerebral Palsy Associations Of New York State, Inc.,* Case No. 22-CV-07427, (Judge Aaron, January 25, 2023)(approving a 1/3 fee under Cheeks of about $4,841); *Small v. Stellar Management LTD et al*, Case No. 20-cv-02540, (Judge Aaron, October 21, 2020)(approving 1/3 fee under *Cheeks* of about $9,774); *Narain v. Vielle Jewelers LLC et al,* Case No. 19-cv-10133 (Judge Aaron, June 1, 2020)(approving 1/3 fee under *Cheeks* of about $7,137).

      Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

      We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiffs*

**Cc: Defense Counsel via ECF**