USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Farzana Chowdhury,

                Plaintiff,

-against-

Best Wireless 23rd Park Inc. et al.,

                Defendants.

1:22-cv-11005 (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

    This case contains claims under the Fair Labor Standards Act. Following mediation, the parties reached a settlement on all issues. On April 14, 2023, the Court entered an Order directing the parties to submit the terms of settlement and a joint letter explaining why the settlement is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), and providing the factual basis for any provision for attorney's fees. (*See* 4/14/2023 Order, ECF No. 21.) On May 10, 2023, the parties submitted their proposed settlement agreement and related papers. (5/10/2023 Letter, ECF No. 23.) On May 16, 2023, an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 27.) On May 17, 2023, the Court entered an Order requiring Plaintiff to provide additional information in support of his request for attorney's fees and a fully executed settlement agreement. (5/17/2023 Order, ECF No. 28.) Plaintiff did so on May 24, 2023. (5/24/2023 Letter, ECF No. 29.)

    Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiff's individual claims as well as the risks and expenses

involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

In addition, Plaintiff seeks approval of $8,020.60 in attorney's fees, which is one-third of the total settlement amount after deducting $938.20 in costs.[1] (*See* 5/10/2023 Letter.) "Contingency fees of one-third or less in FLSA cases are routinely approved in this Circuit." *Aguilar v. Tacos Grand Cent., Inc.*, No. 21-CV-01963 (AT), 2023 WL 2644285, at *2 (S.D.N.Y. Mar. 27, 2023) (citing *Gonzales v. 27 W.H. Bake, LLC*, No. 15-CV-04161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases)). Moreover, the fees requested amount to less than the lodestar amount. (*See* Time Records, ECF No. 29-1 (showing lodestar of $ 12,045.00).) "Courts in this district have found [awards larger than the lodestar] to be fair and reasonable[,]" *Aguilar*, 2023 WL 2644285, at *2, and, in fact, "regularly award lodestar multipliers from two to six times lodestar." *Ramos v. DNC Food Serv. Corp.*, No. 19-CV-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022). In line with that precedent, the Court finds that the requested attorney's fees are fair and reasonable.[2]

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement.  The Court will

---

[1] The Court notes that Plaintiff's May 24, 2023 Letter referenced incorrect numbers for attorney's fees and costs. (*See* 5/24/2023 Letter at 2.) The Court uses the figures submitted in the May 10, 2023 Letter, which are in line with the settlement agreement and Plaintiff's documented costs. (*See* 5/10/2023 Letter, at 2; *see also* ECF No. 23-3 (receipts of costs).)

[2] In reaching this conclusion, the Court makes no findings with respect to the reasonableness of counsel's requested hourly rate, given that even a much lower rate would not result in a fee award greater than the lodestar.

retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

DATED:   New York, New York
         May 25, 2023

_____
STEWART D. AARON
United States Magistrate Judge